UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN WINGLER, )<br>    *Plaintiff*, )<br>)<br>    *vs.* )<br>)<br>APRIA HEALTHCARE LLC and COLE AH INDI- )<br>ANAPOLIS IN, LLC, )<br>    *Defendants.* ) | 1:17-cv-00177-JMS-DML |

## **ORDER**

Defendants have removed this matter to this Court, and have alleged that this Court has diversity jurisdiction over this matter. The Court notes the following issues with the jurisdictional allegations in Defendants' Notice of Removal:

- Defendants do not properly allege their own respective citizenships. The citizenship of an unincorporated association, such as a limited liability company or "LLC," is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminix Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship"). Defendants must specifically identify each of their limited and general partners, and provide their respective citizenships.

- Defendants do not properly allege the amount in controversy. The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

- Defendants have pled their allegations regarding the amount in controversy upon information and belief. Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made

"'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction).

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendants to file an Amended Notice of Removal by **January 30, 2017**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Plaintiff is reminded of her obligation to file a statement within thirty days of Defendants' filing of the Amended Notice of Removal pursuant to Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The parties are advised that, to the extent the Amended Notice of Removal and the Local Rule 81-1 Statement reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint

jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 1/19/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**